■ PAT AUSELIO, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 37106.) — Appeal by claimant from an award for the State's appropriation of lands of 0.419 acre from his parcel of 1.13 acres at the intersection of Highways Nos. 13 and 31 in the Town of Lenox. The lands taken included a frame structure used as a restaurant which claimant leased to a tenant for one year at $1,800. The operation of a gasoline filling station in conjunction with the restaurant had been discontinued sometime before. Both of claimant's real estate experts testified that the most advantageous use of the property was for a motel, restaurant and bar (although an exhibit in evidence seems to indicate that the area of filled land was inadequate to accommodate the motel envisioned by the witnesses). One testified to before and after values of $100,000 and $2,000 and the other to $90,000 and $2,000. As the State points out, the value assigned to these rural lands by claimant's experts is at the rate of $190,000 per acre. The State's expert's appraisal was $22,000 before and $2,400 after the taking. The court found a before value of $23,500, an after value of $2,000 and resulting damage of $21,500. Each of claimant's experts appraised the aggregate frontage of 750 feet on the two highways at $100 per foot but since the parcel was triangular it is obvious that some of the frontage computed in this manner would be without any appreciable depth from one or the other of the two highways. Further, the witnesses considered that all of the land (except the portion thereof extending 100 feet

on one highway and 140 feet on the other, which claimant had filled) was useless unless filled, at a cost estimated by one of these witnesses at $60,000. The State's expert gave consideration to sales of comparable properties, to the capitalization of net rental under the lease and to the summation method of valuation of improvements and applied his own knowledge of the property and of the volume of business done there and in the area. He said that the construction of a motel would be economically unwise and that the most advantageous use of the property was that of the "diner-type restaurant" for which it had been used. The bases of the conflicting appraisals were so radically and fundamentally divergent as to be irreconcilable. The Court of Claims was justified in considering the State's expert better qualified, if, indeed, it so concluded; and was warranted, in any event, in rejecting the factors and assumptions necessarily underlying claimant's experts' appraisal and in approving the factors upon which the State's expert based his appraisal. Judgment unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.